UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST HARRIS, | ) | Case No.: 1:18 CV 2062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| SHIRLEY S. SAFFOLD, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* Plaintiff Ernest Harris filed this action against Cuyahoga County Common Pleas Court Judge Shirley Strickland Saffold.  In the Complaint, Plaintiff asserts he was wrongfully convicted in 2014 but his conviction was overturned on appeal.  He does not identify any legal claims he is asserting in this action and does not specify the relief he seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 4).  That Application is granted.  He also filed a Motion for Appointment of Counsel (Doc. No. 2) and a Motion to Have [his 2014 state court criminal] Case Heard in United States District Court Northern District of Ohio (Doc. No. 3).  Those Motions are denied.

## Background

Plaintiff's Complaint is very brief.  In its entirety, it states:

> I was sentence[d] to 4yr imprison [sic] for a crime that never
> happen[ed].  I was in a mental.  My attorney and Prosecutor take
> advantage of my mental state.  Had my tenant who was asleep testify
> against me.  I won my appeal.

(Doc. No. 1).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Plaintiff has not stated enough facts or given enough indication of the legal claim he wishes to assert to meet basic pleading requirements. To satisfy the minimum pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). He does not allege any facts pertaining to Judge Saffold and does not indicate what she did that led to a violation of federal constitutional or statutory law. Without those allegations, Plaintiff fails to state a claim upon which relief may be granted against Judge Saffold.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_/S/ SOLOMON OLIVER, JR._
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT

December 28, 2018

---

[1]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken _in forma pauperis_ if the trial court certifies that it is not taken in good faith.